

FILED

2012 SEP 20 PM 3: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1 | Robert Fish, Esq. (SBN 149711)
rfish@fishiplaw.com
2 | Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
3 | Ryan Dean, Esq. (SBN 259320)
rdean@fishiplaw.com
4 | Fish & Associates, PC
2603 Main Street, Suite 1000
5 | Irvine, California 92614-4271
Telephone:  949-943-8300
6 | Facsimile:   949-943-8358

7 | Attorneys for Plaintiff,
Bird-B-Gone, Inc.
8



9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12 | BIRD-B-GONE, INC., a California
corporation,
13
Plaintiff,
14
15 | v.
JONES & SONS PEST CONTROL
16 | SUPPLIES LTD., a UK corporation;
DETER A PIGEON, an unknown
17 | corporate entity, and DOES 1 through
10,
18
Defendants.
19

Civil Action No. **SACV 12-01590 DMG(RNBx)**

**COMPLAINT FOR PATENT
INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

20

21 |     1.    Plaintiff, by and through its attorneys of record, allege as follows:

22 | <center>PARTIES</center>

23 |     2.    Plaintiff BIRD-B-GONE, INC., (hereinafter "BBG") is a corporation

24 | organized and existing under the laws of the State of California, with a place of

25 | business at 23918 Skyline, Mission Viejo, CA 92692.

26 |     3.    Upon information and belief, Defendant JONES & SONS PEST

27 | CONTROL SUPPLIES LTD (hereinafter "JONES UK"), is a corporation

28 | organized and existing under the laws of the United Kingdom, with its principal

<center>-1-</center>

place of business at Unit 4 Sabre Buildings, Sabre Close, Cavalier Road, Heathfield, Newton Abbot, TQ126TW.

4. Upon information and belief, Defendant DETER A PIGEON, (hereinafter DETER A PIGEON and JONES UK will be collectively referred to as "JONES & SONS") is the corporate name used by JONES UK in the United States and is controlled by JONES UK with its principal place of business at 50 California Street, San Francisco, California 94111. Upon information and belief, the DETER A PIGEON website, www.deterapigeon.com, lists JONES UK as the copyright owner of the website and has the same distinct two hour policy (if no return call within two hours, the potential client receives a chocolate bar), and the same products (including the Defender bird and pigeon spike products at issue) as JONES UK.

5. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of the Defendants when they are ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants named as a DOE, along with the named Defendants, is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were legally or proximately caused by said Defendants. Wherever it is alleged that any act or omission was also done or committed by any specifically named Defendant or by Defendants generally, Plaintiff intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every Defendant named as a DOE, and each named Defendant, both separately and in concert or conspiracy with the named Defendants.

6. On information and belief, and at all times mentioned herein, each of the Defendants named herein as DOES 1 through 10, inclusive, performed,

1    participated in or abetted in some manner the acts alleged herein; proximately

2    caused the damages alleged herein below; and are liable to Plaintiff for the

3    damages and relief sought herein.

## JURISDICTION AND VENUE

4

5    7.      This is an action for patent infringement arising under the patent laws

6    of the United States, *35 U.S.C. §§ 1, et seq.*  This Court has subject matter

7    jurisdiction over this action pursuant to *28 U.S.C. §§ 1331* and *1338(a)*.

8    8.      This Court has personal jurisdiction over JONES & SONS because

9    DETER A PIGEON and JONES & SONS conducts business in this judicial district

10   and in the State of California; and has and continues to commit acts of patent

11   infringement and/or has contributed to or induced acts of patent infringement by

12   others in this judicial district (and elsewhere in California and in the United

13   States).

14   9.      Venue is proper in this judicial district pursuant to *28 U.S.C. §§*

15   *1391(b), 1391(c)* and *1400(b)* because JONES & SONS is subject to personal

16   jurisdiction in this judicial district; has regularly conducted business in this judicial

17   district; and certain of the acts complained of herein occurred in this judicial

18   district.

## THE PATENT-IN-SUIT

19

20   10.     BBG is the owner of all right, title and interest in and to United States

21   Patent No. 8191303 (the "'303 Patent") entitled "Unitary Configured Bird

22   Repellent Apparatus" which was duly and legally issued on June 5, 2012.  A true

23   and correct copy of the '303 Patent is attached hereto as **Exhibit** A.  The '303

24   Patent is hereinafter referred to collectively as the "Patent-In-Suit."

25   11.     The Patent-In-Suit has numerous claims drawn to devices for

26   preventing birds from landing or perching on selected surfaces.  Many of these

27   claims are directed to various configurations of a bird repellant apparatus with a

28   base member and a plurality of prongs.

1

## COUNT ONE

2

## INFRINGEMENT OF THE '303 PATENT AGAINST ALL DEFENDANTS

3      12.   Plaintiff re-alleges and incorporates herein the allegations of

4   paragraphs 1-11 as if fully set forth herein.

5      13.   The '303 Patent is valid and enforceable.

6      14.   Upon information and belief, in violation of *35 U.S.C. § 271*, each of

7   the Defendants has infringed, is currently infringing, and will continue to infringe,

8   either directly or by infringement under the doctrine of equivalents, the '303

9   Patent, by making, using, offering for sale, selling and/or importing into the United

10  States devices, and specifically, at least the JONES & SONS Defender bird and

11  pigeon spike products, which incorporates and infringes the subject matter

12  protected by at least one of claims 1-3, 5, 7-8, 10-11, 14, and 16-17 of the '303

13  Patent.

14     15.   Upon information and belief, in violation of *35 U.S.C. § 271*, each of

15  the Defendants also contributes to and/or induces infringement of one or more of

16  the claims of the '303 Patent as set forth above.

17     16.   As a direct and proximate result of each of the Defendants' acts of

18  infringement as alleged herein, Plaintiff has and will continue to suffer damages in

19  an amount according to proof at trial, and thus Plaintiff is entitled to recover

20  damages adequate to compensate it for such infringement, but in no event less than

21  a reasonable royalty.

22     17.   Unless each of the Defendants is enjoined by this Court from

23  continuing their infringement of the '303 Patent, Plaintiff will suffer additional

24  irreparable harm and impairment of the value of its patent rights.  Thus, Plaintiff is

25  entitled to an injunction against further infringement.

26     18.   Upon information and belief, Defendants JONES & SONS have had

27  actual notice of the existence of the '303 Patent at least as of the date of their

28  receipt of BBG's cease and desist letter on or about September 20, 2012, and has

-4-

1  had constructive notice of the existence of the '303 Patent at least as of the date of

2  issuance, June 12, 2012.

3      19.    Upon information and belief, Defendants JONES & SONS'

4  infringement has occurred with knowledge of the '303 Patent and is and has been

5  in deliberate and willful in violation of *35 U.S.C. § 284* entitling Plaintiff to

6  increased damages, and making this case exceptional within the meaning of *35*

7  *U.S.C. § 285.*

8      20.    Plaintiff does not yet have sufficient knowledge or information to

9  determine whether infringement by the DOE Defendants is willful, but will seek

10  leave of Court to amend this Complaint to so allege if and when it obtains such

11  knowledge and information.

12                    **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff BBG, for the Patent-In-Suit, prays for judgment

14  and relief as follows:

15      A) Judgment that each of the Patent-In-Suit is valid and enforceable;

16      B) Judgment that each of the Defendants infringe the Patent-In-Suit and that

17          each of the Defendants' infringement is, and has been, deliberate and

18          willful;

19      C) Judgment that each of the Defendants, its directors, officers, employees,

20          attorneys, and agents, and all those persons acting in active concert or in

21          participation with them, and their successors and assigns, be enjoined

22          from further acts that infringe, contributorily infringe or induce

23          infringement of the Patent-In-Suit pursuant to *35 U.S.C. § 283*;

24      D) Judgment that each of the Defendants individually and collectively be

25          ordered to pay damages adequate to compensate BBG for that

26          Defendant's infringement of the Patent-In-Suit pursuant to *35 U.S.C. §*

27          *284*, together with interest, including pre-judgment interest from the date

28          infringement of the Patent-In-Suit began;

COMPLAINT AGAINST JONES & SONS AND DOES 1-10

E) Judgment that the Defendants individually and collectively be ordered to pay all costs and expenses incurred by BBG associated with this action pursuant to *35 U.S.C. § 284*;

F) Judgment that the Defendants individually and collectively be ordered to pay treble damages pursuant to *35 U.S.C. § 284* as a result of the willful and deliberate nature of their conduct;

G) Judgment that this case is exceptional, and that the Defendants individually and collectively be ordered to pay all of BBG's attorney fees associated with this action pursuant to *35 U.S.C. § 285*; and

H) Judgment that BBG be granted such other and additional relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiff hereby demands a jury trial in this action.

Respectfully submitted,

FISH & ASSOCIATES, PC

Dated: September 20, 2012        By: _____

Mei Tsang, Esq.
Attorneys for Plaintiff
Bird-B-Gone, Inc.

COMPLAINT AGAINST JONES & SONS AND DOES 1-10

EXHIBIT A

US008191303B2

(12) **United States Patent**

Donoho

(10) Patent No.: **US 8,191,303 B2**

(45) Date of Patent: **Jun. 5, 2012**

(54) **UNITARY CONFIGURED BIRD REPELLENT APPARATUS**

(75) Inventor: **Bruce Donoho**, Mission Viejo, CA (US)

(73) Assignee: **Bird-B-Gone, Inc.**, Mission Viejo, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/277,887**

(22) Filed: **Oct. 20, 2011**

(65) **Prior Publication Data**

US 2012/0031016 A1    Feb. 9, 2012

**Related U.S. Application Data**

(60) Division of application No. 13/108,446, filed on May 16, 2011, which is a continuation of application No. 12/510,840, filed on Jul. 28, 2009, now Pat. No. 7,941,977, which is a continuation of application No. 09/317,303, filed on May 24, 1999, now Pat. No. 7,596,910.

(51) Int. Cl.
*E04B 1/72*    (2006.01)

(52) U.S. Cl. .......................... **43/1**; 52/101

(58) Field of Classification Search .............. 43/1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,258,803 A | 10/1941 | Peles | |
| 2,475,047 A | 7/1949 | Peles | |
| 2,777,171 A | 1/1957 | Burnside | |
| 2,887,730 A | 1/1959 | Bittner | |
| 2,888,716 A | 6/1959 | Kaufman | |
| 2,938,243 A | 5/1965 | Peles | |
| 3,191,239 A | 6/1965 | Moore | |
| 3,282,000 A | 11/1966 | Shaw | |
| 3,407,550 A | 10/1968 | Shaw | |
| 5,253,444 A | 10/1993 | Donoho et al. | |
| 5,339,555 A | 8/1994 | Miskimins | |
| 5,400,552 A | 3/1995 | Negre | |
| 5,433,029 A | 7/1995 | Donoho et al. | |
| 5,691,032 A | 11/1997 | Trueblood et al. | |
| 7,596,910 B1 * | 10/2009 | Donoho | 52/101 |
| 7,941,977 B2 * | 5/2011 | Donoho | 52/101 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| DE | 6801333 | 7/1986 |
| EP | 0230736 | 4/1986 |
| EP | 0300936 | 1/1989 |
| EP | 0598853 | 10/1992 |
| EP | 0792099 | 7/1995 |
| FR | 2693080 | 1/1994 |
| FR | 2730383 | 8/1996 |
| GB | 2153644 | 8/1985 |
| GB | 2344269 A * | 6/2000 |
| WO | 95/31099 | 11/1995 |

* cited by examiner

*Primary Examiner* — Frank T Palo

(74) *Attorney, Agent, or Firm* — Fish & Associates, PC

(57)    **ABSTRACT**

A bird repellent apparatus having an integral base member and a plurality of prongs. The base member, by means of a plurality of tabs having holes for receiving screws or other fasteners, can be affixed to virtually any desired surface. The plurality of prongs with sharp tips presents an impossible barrier to birds that would otherwise land or perch on the surface to which the present invention is affixed. The combined base member and prongs are formed from injection molded plastic structure that also provide the tabs having holes to secure the base member to the underlying surface.

**17 Claims, 3 Drawing Sheets**





FIG. 1



FIG. 2

FIG. 3



FIG. 4

FIG. 5

FIG. 6

FIG. 7

US 8,191,303 B2

1

# UNITARY CONFIGURED BIRD REPELLENT APPARATUS

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a divisional of U.S. application Ser. No. 13/108,446 filed May 16, 2011 which is a continuation of U.S. application Ser. No. 12/510,840 filed Jul. 28, 2009 now issued Pat. No. 7,941,977, which is a continuation of U.S. application Ser. No. 09/317303 filed May 24, 1999, now issued Pat. No. 7,596,910. This and all other extrinsic materials discussed herein are incorporated by reference in their entirety. Where a definition or use of a term in an incorporated reference is inconsistent or contrary to the definition of that term provided herein, the definition of that term provided herein applies and the definition of that term in the reference does not apply.

## FIELD OF THE INVENTION

The present invention relates generally to devices for preventing birds from landing or perching on selected surfaces, and more specifically to a bird repellent apparatus that comprises a base member and integral prongs preferably made out of injection molded plastic for simple and low cost manufacture and easy installation on virtually any surface to which access to birds is to be denied.

## BACKGROUND OF THE INVENTION

### Prior Art

The presence of birds on window sills, roof tops, boat masts and covers and the like is often undesirable. Bird droppings attract insects and provide a fertile bed for bacteria which can present a significant health hazard. Additionally, the unaesthetic appearance of bird droppings and the like often requires the task of unpleasant and time consuming clean up where access to the droppings is available. Often times the repulsive appearance of bird droppings and other by-products of birds is not even accessible for clean up.

The use of a plurality of pointed objects, such as spikes and the like, mounted on surfaces where it is desired to repel birds is not unknown. However, heretofore the typical bird repellent apparatus comprises a metal base having a plurality of angularly and upwardly projecting metal wires or spikes. Unfortunately, such metal contraptions, while accomplishing the desired result, tend to be costly to manufacture because they are not conducive to non-labor intensive manufacturing processes such as injection molding for example. Perhaps most importantly, they tend to be relatively expensive, which inherently limit their use.

There is a need therefore for a bird repellent apparatus which is easy and less costly to manufacture and which is relatively inexpensive to the user, thereby facilitating its use in larger numbers for avoiding the aforementioned problems of insect and bacteria infestation and unaesthetic appearance of the droppings and other waste products birds leave in their wake.

Until the issuance of the applicant's prior patent, namely U.S. Pat. No. 5,253,444, the typical bird repellent apparatus comprised a metal base having a plurality of angularly and upwardly projecting metal wires or spikes. Unfortunately, such metal contraptions, while accomplishing the desired result, tend to be costly to manufacture because they are not conducive to non-labor intensive manufacturing processes such as injection molding for example. Most importantly, they tend to be relatively expensive, which inherently limits

2

their use. The disadvantages of such prior art was addressed in the applicant's prior disclosure in the aforementioned patent, relating to a bird repellent apparatus comprising a base member and a plurality of top members, each of which holds a plurality of prongs. All of the components of the applicant's prior invention can preferably be made of an injection molded plastic which can be cheaply manufactured in large numbers with virtually no significant labor costs. The use of injection molded plastics not only reduces the cost of manufacture and thus the cost to the user, but also provides the opportunity to manufacture the product in a variety of different colors, some of which may be selected to blend in with the color of the underlying surface and some of which may be purposely selected to provide an aesthetically pleasing and distinctive appearance. In any case, the applicant's prior invention provides an efficient, effective apparatus for repelling birds from surfaces, such as window sills, roof tops, boat masts, boat covers and the like, while overcoming the disadvantages of the prior art devices. However, the need for separate base members, top members and prongs, makes for a more costly apparatus because of the need for separate manufacture of the various components and assembly of such components. Moreover, that prior art configuration is inherently more difficult to install and is inherently less durable because of having a plurality of separate components. Thus, there is a continuing need for a unitary apparatus which is easier to manufacture and install and which is more durable and lower in cost.

## SUMMARY OF THE INVENTION

The aforementioned need is satisfied by the present invention which provides significant advantages over the aforementioned prior art. More specifically, the present invention comprises a bird repellent apparatus having an integral base member and a plurality of prongs preferably made of an injection molded plastic which can be cheaply manufactured in large numbers with virtually no significant labor costs. The base member, by means of a plurality of tabs having holes for receiving screws or other fasteners, can be affixed to virtually any desired surface. The plurality of prongs with sharp tips presents an impossible barrier to birds that would otherwise land or perch on the surface to which the present invention is affixed. The use of a unitary, integral injection molded plastic structure, not only reduces the manufacture cost and thus the cost to the user, but also provides the opportunity to manufacture the product in a variety of different colors, some of which may be selected to blend in with the color of the underlying surface and some of which may be purposely selected to provide an aesthetically pleasing and distinctive appearance. In either case, it can be seen that the present invention provides an efficient and effective apparatus for repelling birds from surfaces such as window sills, roof tops, boat masts and boat cover and the like, while overcoming the previously described disadvantages of the prior art.

## OBJECTS OF THE INVENTION

It is therefore a principal object of the present invention to provide a bird repellent apparatus for installation on selected surfaces for preventing birds from landing or perching thereon and which overcomes the disadvantages of the prior art.

It is an additional object of the present invention to provide a bird repellent apparatus made entirely of low cost plastic.

It is still an additional object of the present invention to provide a bird repellent apparatus of the type having a plurality of sharp-tipped prongs to prevent birds from landing or perching upon selected surfaces, the apparatus having an integral base member.

US 8,191,303 B2

3

It is still an additional object of the present invention to provide a bird repellent apparatus comprising an injection molded or extruded plastic base member and a plurality of sharp-tipped prongs, the base member and prongs all being integrally formed to provide a unitary structure.

It is yet an additional object of the invention to provide a unitary plastic bird repellent apparatus having installation enhancement features including break point grooves for easy cutting, a glue trough for adhering the apparatus to hard surfaces and molded screw holes for attachment to wood surfaces and the like.

## BRIEF DESCRIPTION OF THE DRAWINGS

The aforementioned objects and advantages of the present invention, as well as additional objects and advantages thereof will be more fully understood hereinafter as a result of a detailed description of a preferred embodiment when taken in conjunction with the following drawings in which:

FIG. 1 is a three-dimensional illustration of the present invention shown ready for installation on an exterior window sill adjacent a window frame or other suitable surface;

FIG. 2 is a plan view of the present invention;

FIG. 3 is a side view of the present invention;

FIG. 4 is a cross-sectional view of the invention taken along lines 4-4 of FIG. 2; and

FIGS. 5, 6 and 7 are cross-sectional views of various elements of the invention taken along lines 5-5, 6-6 and 7-7 of FIG. 4.

## DETAILED DESCRIPTION OF A PREFERRED EMBODIMENT

Referring to FIGS. 1 and 2, it will be seen that the bird repellent apparatus 10 of the present invention comprises a base member 12 and a plurality of prongs 14. Each such prong terminates in a sharp tip 16. The base member 12 provides a rail 15 from which extends integrally therefrom the prongs 14 along the full length of base member 12. A plurality of flanges 18 each has a hole 20 and extends in opposed directions away from the rail 15. Each hole 20 is adapted to receive a screw for connecting the base member 12 to an underlying surface such as a window sill. A notch 19 provides a convenient cutting line at various locations along the base member 12 to permit length selection at the installation site.

The prongs 14 are provided at various angles relative to the underlying surface. As shown best in FIG. 3, prongs 22 are oriented at 90 degrees relative to the underlying surface, prongs 26 and 30 are oriented at about 30 degrees above the underlying surface and prongs 24 and 28 are oriented at about 70 degrees above the underlying surface. Moreover, prongs 26 and 30 are on opposed sides of the rail 15 as are prongs 24 and 28. As shown in FIGS. 1 and 2, this orientation of the prongs forms a repetitive pattern along the length of base member 12. As shown best in FIG. 3, a glue trough 17 permits neat glue application for installation on hard surfaces such as concrete brick and steel.

As shown in FIGS. 4-7, the cross-section of the prongs where they connect to rail 15 is "T"-shaped as shown in FIG. 5. The cross-section of the prongs along their major length is cross-shaped as shown in FIG. 6 and the cross-section of the prongs close to their pointed ends 16 is circular as shown in FIG. 7.

A key feature of the present invention is the unitary structure of the entire bird repellent apparatus shown in FIGS. 1 and 2. This feature permits the disclosed embodiment to be fabricated as a single injection-molded plastic member obvi-

4

ating any further assembly before installation on an underlying surface. This unique unitary design reduces fabrication costs and simplifies installation as well.

Having thus disclosed an exemplary embodiment, it being understood that other configurations are contemplated as being within the scope hereof, what is claimed is:

1. A bird deterrent, comprising:
a base that is integral with a plurality of plastic prongs;
wherein the base has a varying width along a length of the base, and a first and second hole each of which is configured to allow receipt of a mechanical fastener; and
wherein a center point of the first hole is at a first length of the base having a first width, and a center point of the second hole is at a second length of the base having a second width; and
wherein the first width is equal to the second width.

2. The bird deterrent of claim 1, wherein the base has third and fourth holes configured to allow receipt of third and fourth mechanical fasteners, respectively, and the third and fourth holes are each on portions of the length having the same width as the first and second holes.

3. The bird deterrent of claim 1, wherein the base has a glue trough.

4. The bird deterrent of claim 1, wherein the base has a top, and at least some of the plurality of prongs extend normally from the top of the base.

5. The bird deterrent of claim 1, wherein at least some of the plurality of prongs extend on each side of the base in alternating high/low positions.

6. The bird deterrent of claim 5, wherein the base has a top, and at least some of the plurality of prongs extend normally from the top of the base.

7. The bird deterrent of claim 1, wherein the base has a plurality of break points, configured as weakened areas oriented across the median.

8. The bird deterrent of claim 1, wherein the plurality of prongs extend in at least three different orientations relative to the base.

9. The bird deterrent of claim 1, wherein the plurality of prongs extend in five different orientations relative to the base.

10. The bird deterrent of claim 1, wherein at least one of the plurality of prongs extends from a flange that is integral with the base.

11. The bird deterrent of claim 1, wherein at least one of the plurality of prongs has a portion with a round cross-sectional area.

12. The bird deterrent of claim 1, wherein at least one of the plurality of prongs has a portion with a cross-shaped cross-sectional area.

13. The bird deterrent of claim 1, wherein at least one of the plurality of prongs has a first portion with a round cross-sectional area, and a second portion with a cross-shaped cross-sectional area.

14. The bird deterrent of claim 1, wherein the base has a flat bottom surface.

15. The bird deterrent of claim 1, further comprising a ridge running along a surface of the base.

16. The bird deterrent of claim 1, further comprising the base having a plurality of spaced cutting notches.

17. The bird deterrent of claim 1, wherein the base is integral with the plurality of prongs.

* * * * *

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1590 DMG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| BIRD-B-GONE, INC., a California Corporation | ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. **SACV 12-01590 DMG(RNBx)** |
| JONES & SONS PEST CONTROL SUPPLIES, LTD., a UK Corporation; DETER A PIGEON, an unknown corporate entity; and DOES 1 through 10 | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP 20 2012

Date: _____



CLERK OF CO...

A. ...

*Signature...* ...ty Clerk

1226

AO 440 (Rev 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

◻ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>BIRD-B-GONE, INC., a California corporation | DEFENDANTS<br>JONES & SONS PEST CONTROL SUPPLIES, LTD., a UK corporation;<br>DETER A PIGEON, an unknown corporate entity, and DOES 1 through 10,<br>Inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>Mei Tsang, Esq.<br>Fish & Associates PC<br>2603 Main Street, Suite 1000, Irvine, CA 92614 (949) 943-8300 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. §§ 271, 284 and 285

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV 12-01590 DMG(RNBx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Francisco; United Kingdom |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | San Francisco; United Kingdom |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 20, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |